Hillsborough,
No. 5109.

LUMBERMENS MUTUAL CASUALTY COMPANY

*v.*

STAMELL CONSTRUCTION CO. *& a.*

Argued June 4, 1963.
Decided July 9, 1963.

*Devine, Millimet, McDonough, Stahl & Branch* and *Jarlath M. Slattery* (*Mr. Slattery* orally), for the plaintiff.

*Burns, Bryant & Hinchey* and *E. Paul Kelly* (*Mr. Kelly* orally), for the defendant Stamell Construction Co., Inc.

*McLane, Carleton, Graf, Greene & Brown* for the defendant Barry, furnished no brief.

DUNCAN, J. The policy issued by the plaintiff to the defendant Stamell contained the following provision: "Notice of Accident. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable."

Other material facts appear from the following excerpts from findings and rulings by the Court: "On June 6, 1960, the plaintiff issued a Comprehensive General Liability policy to Stamell. It is agreed that said policy was in full force and effect as of January 18, 1961, the day on which the defendant, Barry, was injured. It is further agreed that except for the claim of no notice, as set forth in the petition, the accident claim of Barry would come within the coverage afforded by the policy. The policy was obtained for Stamell by Harold H. Sisson & Co., Inc., of Boston, Massachusetts. Sisson Co., received it from the 'Mutual General Insurance Agency'. It is found that the Mutual General Insurance Agency is in fact not an authorized agent as such of the plaintiff but is owned and controlled by the plaintiff. Harold H. Sisson & Co., Inc., is normally not an authorized agent of the plaintiff but instead operates as and is an insurance broker . . . . On January 18, 1961, one William G. Barry was injured while working on the Stamell project as an employee of a sub-contractor of Stamell. On the day of the accident, Mr. Sydney Stamell, an officer of the defendant Stamell, called the Stamell home office in Cambridge and reported the happening of the accident to Mr. Freeman of the Stamell Co. Mr. Freeman thereupon called the office of Harold H. Sisson & Co., Inc., and informed Mr. Wallace Sisson of the accident. Mr. Sisson discussed the matter with a Mr. Weiner of his office and they came to the conclusion that since the injury was to an employee of a subcontractor he would be entitled to recover under Workmen's Compensation and had no action against the Stamell Company. Mr. Sisson thereupon contacted Mr. Freeman and informed him that under the circumstances nothing further need be done. No report was ever made to the plaintiff by either Stamell or the Sisson firm . . . .

"For the past eight years prior to the accident to Barry, on the record, and probably longer, the plaintiff has issued annually a policy to Stamell, through the Sisson Company, similar to the one herein which is the subject matter of this action. During this time

the Stamell Company would report direct to the plaintiff the happening of accidents involving coverage under Workmen's Compensation. Other accidents or claims would be reported by Stamell to the Sisson Company and Sisson would report to the plaintiff. This became, over the years, a settled method of reporting to the plaintiff . . . .

"The Court rules as follows:

"1. The contract of insurance issued in this matter is, for the purposes of this action, a New Hampshire contract subject to the law of New Hampshire;

"2. RSA., Chapter 405:43 is inapplicable and notice to the broker, Sisson Co., was not notice to the plaintiff;

"3. During the years that notice of a claim against Stamell Co., was given by Stamell to Sisson Co., the Sisson Co., acted as agent for Stamell in transmitting notice to the plaintiff. It is ruled that Sisson Co., never became an agent or representative of the plaintiff for the purpose of receiving notices of claims in behalf of the plaintiff;

"4. The defendant, Stamell Co., failed to give notice of the accident to Lumbermens Mutual Casualty Company as soon as practicable, either by itself or by anyone on its behalf. Said failure to give the required notice was a violation of the terms and conditions of the policy involved in this action.

"The Court rules that the plaintiff is not required to provide coverage for the accident of January 18, 1961, in which the defendant, Barry, was injured, and is not required to defend the action brought by said Barry against the Stamell Co., or to pay any judgment or judgments which may be entered therein."

The issue before this court lies in narrow compass, and is whether the notice given by Stamell to the broker Sisson & Company on January 18, 1961 satisfied the notice requirements of the contract between the insurer and the insured. The defendant insured maintains that the Trial Court was in error in ruling that the notice to Sisson & Co. was insufficient. There was no evidence of express authorization of Sisson & Co. to receive notice for the plaintiff. The evidence relied upon to establish authority, actual or apparent, and to work an estoppel, consists primarily of the evidence of prior practice under this and earlier liability policies for a period of at least eight years.

The defendant Stamell asserts that "actual authority here stems

from the course of conduct approved by Lumbermens. Lumbermens permitted Sisson to act for it to receive notices of accidents over this period of thirty years, and so constituted Sisson its agent for this purpose." By so doing, it is argued, the plaintiff "held [Sisson] out as [its] agent," and so may not deny that agency exists.

The difficulty with these contentions is that they overstate the evidence and are not compelled by it. There was no evidence that the plaintiff "permitted" Sisson "to act for it" in receiving notices. At most the evidence was that the plaintiff had received notices given by Sisson on behalf of the insured. This was hardly a "holding out" by the plaintiff of Sisson as its agent. With specific reference to the Barry suit, it did not appear that either Sisson or Stamell regarded notice to Sisson as the equivalent of notice to the plaintiff. On the contrary, as the Court found, the evidence was that Sisson was under the impression that Stamell was not liable to suit, and concluded that "under the circumstances nothing further should be done."

There was no evidence that the plaintiff had ever recognized as sufficient any notice given to Sisson which the latter failed to transmit to the plaintiff "as soon as practicable" after the accident. Although the defendant insured chose on prior occasions to have Sisson notify the plaintiff on its behalf, no occasion was then presented for the plaintiff to object and it had no basis for requiring a different procedure.

The defendant relies upon the plaintiff's "whole course of conduct" which in addition to the evidence concerning receipt of notices from Sisson consisted of evidence that policies received by Stamell from Sisson bore a sticker with Sisson's name on it, and carried on their cover printed instructions to the insured to "call upon either the company or your agent for information about your policies or for advice concerning any of your insurance problems"; and that the division of the plaintiff known as "Mutual General Insurance Agency," which engaged in sales and service to brokers, had assisted Sisson in selling policies to Stamell at a time when the latter was considering self-insurance. We are satisfied that this evidence did not require a finding that the plaintiff thereby held Sisson out as its agent to receive notice of accidents. See *Record* v. *Wagner*, 100 N. H. 419.

Certain inter-office memoranda were received in evidence which were written after notice of the Barry suit was received by the

plaintiff in August, and stated in part that the plaintiff's policy-holders "look to us to solve the local law peculiarities when they are away from their home state." This evidence fell short of establishing any prior practice by the plaintiff of instructing its policyholders concerning notice of accidents upon which Stamell relied, or that the insurer so conducted its business as to be estopped to enforce the terms of the policy here involved.

The case of *Wescott* v. *Vermont Ins. Co.*, 104 N. H. 127, relied on by the defendant does not control this case. There the evidence was held to warrant a finding that notice to an agent who issued a school accident policy was notice to the insurer, because it could be found that the insurer should have antici-pated that the insured would understand that the agent had authority to receive such notice. In the case before us no com-parable finding was made, and the issue is whether the evidence required that it should be made. We are of the opinion that such a finding was not compelled by the evidence. For similar reasons, other cases such as *Boston Store* v. *Hartford Acc. & Indem. Co.*, 227 Ill. App. 192, are not persuasive authority in this case.

The defendant relies upon RSA 405:43, which provides that insurers issuing policies on applications from brokers "shall be charged with the broker's knowledge of facts to the same extent as if he were their agent." This provision relates to information in the hands of a broker when a policy is issued, rather than information obtained afterward. The Trial Court properly ruled that it is inapplicable to this case.

We conclude that there was no error in the rulings that Sisson Co. "acted as agent for Stamell" and "never became an agent or representative of the plaintiff for the purpose of receiving notice . . . ." See *McCabe* v. *Company*, 90 N. H. 80; *Ritson* v. *Atlas Assurance Co.*, 279 Mass. 385; Annot. 18 A. L. R. 2d 443, 457. It follows that notice was not given in accordance with the terms of the policy, and that the plaintiff is not required to defend the action brought by the defendant Barry, or to satisfy any judgment which may be entered therein. *American Employers Ins. Co.* v. *Sterling*, 101 N. H. 434; *American Fidelity Co.* v. *Schemel*, 103 N. H. 190.

*Exceptions overruled.*

All concurred.